IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN I. HILL,
#14553-026,

Petitioner,

vs.

JAMES CROSS,

Respondent.                                              Case No. 15-cv-834-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jonathan Hill, an inmate in the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In his § 2241 petition, Hill challenges the revocation of his mandatory supervised release in *United States v. Hill*, Case No. 05-cr-30098-SEM-TSH-1 (C.D. Ill. 2005) (Doc. 1). This matter is now before the Court for preliminary review of the § 2241 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition, the Court concludes that Hill is not entitled

to relief.  Accordingly, the § 2241 petition shall be **DISMISSED**.

## I.  Background

In 2005, Hill was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *United States v. Hill*, Case No. 05-cr-30098-SEM-TSH-1 (C.D. Ill. 2005) ("criminal case") (Doc. 1).  He entered a guilty plea pursuant to a written plea agreement on May 2, 2006 (Doc. 8, criminal case).  The United States District Court for the Central District of Illinois sentenced Hill to forty-eight months imprisonment and three years of supervised release on March 19, 2007 (Doc. 15, criminal case).

While he was serving a portion of his sentence at a halfway house, Hill's term of imprisonment was interrupted, when he was arrested and detained in custody of the State of Illinois on January 30, 2009.  At the time, Hill still had approximately three months remaining on his federal sentence; his projected release date from the Federal Bureau of Prisons ("BOP") was April 24, 2009.  When he failed to report back to the halfway house as required under the rules of his federal sentence, Hill's federal custody status was changed to one of "escape."  Hill was ultimately convicted of the state offense and sentenced to seven years imprisonment.  A federal detainer was filed.

Even so, Hill did not return to the BOP to finish his federal sentence upon completion of his state sentence on April 30, 2012 (Doc. 20, criminal case).  Instead, he commenced federal supervised release.  Almost a year later on April 26, 2013, a petition for revocation of supervised release was filed, alleging

that Hill had repeatedly violated the conditions of supervised release. Following a hearing in which he was found guilty of multiple violations, Hill's supervised release was revoked on July 8, 2013 (Doc. 33, criminal case). Hill was sentenced to a new term of twelve months imprisonment for the revocation, which was to be served consecutively with the four months still remaining on his original federal sentence, followed by two years of supervised release (*Id.*).

Hill filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Central District of Illinois on December 30, 2013. *Hill v. United States*, Case No. 13-cv-03427-SEM (C.D. Ill. 2013) ("collateral attack"). In the § 2255 motion, he challenged the revocation of his supervised release and new sentence on the following grounds: (1) lack of subject matter jurisdiction; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct. The district court rejected each of Hill's arguments (Doc. 33, collateral attack). It held that the 2013 revocation proceedings were proper, regardless of Hill's release from custody in 2012, because he repeatedly violated the conditions of his supervised release after the date he would have been released from federal custody had he returned to the BOP and served the remainder of his federal sentence (Doc. 33, pp. 20-21, collateral attack). Hill's § 2255 motion was denied on July 31, 2014 (*Id.*).

Prior to denying the § 2255 motion, the district court entered an order in Hill's criminal case on June 25, 2014, requiring him to sign a copy of the judgment and commitment order acknowledging the conditions of his new term of

supervised release (*see* Doc. 33, criminal case). He commenced supervised release. But on February 21, 2015, Hill was arrested for again violating the conditions of supervised release. Following a second round of revocation proceedings in which he "admitted to allegations in violation of supervised release," the district court found that Hill violated the terms and conditions of his supervised release (Doc. 54, criminal case). On April 6, 2015, he was sentenced to eighteen months imprisonment with no further term of supervised release imposed (*Id.*).

## II. Habeas Petition

Hill now challenges the 2013 revocation proceedings on numerous grounds,[1] including the following: Hill was not legitimately on supervised release after he completed his Illinois state sentence in 2012 because the BOP did not formally release him pursuant to 18 U.S.C. § 3624(e); Hill was informed that the federal detainer against him was lifted; the government waived its right to enforce the detainer when Hill was released from state prison; Hill's right to due process of law was violated; judicial and equitable estoppel precluded the government from arguing that Hill still owed time on his original sentence; the district court lacked subject matter jurisdiction to revoke his supervised release in 2013; and the district court improperly denied Hill's § 2255 motion. He seeks resentencing and expungement of all records pertaining to the escape

---

[1] Hill refers to seven "grounds" for relief in the § 2241 petition. The 94-page petition does not clearly articulate the grounds. Rather, each "ground" includes a narrative, in which Hill describes the events giving rise to his 2013 revocation and his multiple objections to the manner in which the 2013 revocation proceedings were handled. The Court has done its best to succinctly state each ground for relief herein.

(Doc. 1-1, p. 5). Hill claims that he exhausted his administrative remedies in 2014.

### III. Discussion

The Court's power to issue a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." 28 U.S.C. § 2241(c). The custody requirement is jurisdictional. The Supreme Court has construed this requirement to preclude a federal court from entertaining a habeas petition unless the "petitioner is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (citing *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968)). A person is not "in custody under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original); *see also Carafas*, 391 U.S. at 238.

Hill appears to fit within this category of petitioners. He challenges the 2013 revocation proceedings. The administrative appeals that he filed in 2014 also pertain to the 2013 revocation. None of his arguments pertain to the second revocation of supervised release in 2015.

But Hill is no longer in custody on his 2013 revocation. *See United States v. Hill*, 05-cv-30098-SEM-TSH-1 (C.D. Ill. Apr. 9, 2015) (revoking supervised release that commenced in 2014). He is in custody on his 2015 revocation. Hill was arrested for new violations of the conditions of supervised release on February 21, 2015 (Doc. 54, criminal case). On April 6, 2015, he was sentenced

to eighteen months imprisonment with no further term of supervised release imposed, as a result of this second revocation (*Id.*). Hill has not satisfied the custody requirement.

Even if this requirement was satisfied, however, Hill would not be entitled to relief under § 2241. As a general matter, § 2241 and § 2255 "provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255.

A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*See* 28 U.S.C. § 2255(h).

On August 3, 2015, shortly after filing this § 2241 petition, Hill filed an application with the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3), seeking permission to bring a second or successive § 2255 motion. *See Hill v. United States*, Case no. 15-2636 (7th Cir. 2015) (Doc. 1). He raised five challenges to the 2013 revocation of his supervised release, all of which were raised in the instant § 2241 petition.

The Seventh Circuit denied the application on August 6, 2015. The Court noted that Hill is no longer in custody on his 2013 revocation. Moreover, his challenges should have been raised in a direct appeal and do not satisfy the requirements for bringing a second or successive motion under 28 U.S.C. § 2255(h). The Seventh Circuit denied Hill's request for reconsideration of this decision on August 24, 2015.

But Hill disregarded the Seventh Circuit's decision. On August 11, 2015, he filed a second § 2255 motion in the United States District Court for the Central District of Illinois. *Hill v. United States*, Case No. 15-cv-03226-SEM (C.D. Ill. 2015). The district court entered an order staying the case on August 17, 2015, until the Seventh Circuit renders its final decision regarding Hill's request for an application to proceed with a second § 2255 motion. In the same order, the district court indicated that the second motion sets forth the same arguments that were already rejected in the first. By all indications, § 2255 appears to provide no avenue for relief.

Under very limited circumstances, a prisoner may challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e), where a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Hill has failed to meet any of these requirements in his § 2241 petition. Despite its length, the § 2241 petition cites no new, applicable statutory interpretation case in support of his claims. He recycles the same arguments that were raised and rejected in his first § 2255 motion, that led the Seventh Circuit to deny his application to file a second § 2255 motion, and that are set forth in his

second § 2255 motion. These arguments should have been raised in a direct appeal, not in a § 2241 petition. Finally, he has pointed to no fundamental defect in his conviction or sentence that warrants relief under § 2241. Accordingly, the petition shall be denied.

### IV. Pending Motions

Hill's emergency motion to expedite proceedings (Doc. 3), which has been held in abeyance pending this Court's preliminary review of the petition, is hereby **DENIED** as moot.

Hill's motion to supplement or notify court (Doc. 7) is hereby **GRANTED**. The Court reviewed and considered the motion during its preliminary review of this matter.

### V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** without prejudice. Respondent **JAMES CROSS** is also **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months)

irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker*, 216 F.3d at 638.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 31, 2015

Digitally signed by David R. Herndon
Date: 2015.08.31 14:09:09 -05'00'

**United States District Judge**